(63 App. Div. 315.)

## NASH v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. STREET RAILROADS—INJURY TO PASSENGER—VERDICT—EVIDENCE—SUFFICIENCY.

In an action against a street railroad for injuries, plaintiff, who was corroborated by two others, testified that, just as she was stepping from the car, it started with a jerk, and threw her down, and the conductor, motorman, and three others gave testimony that plaintiff alighted while the car was in motion, but some of the latter witnesses did not see all the transactions. *Held*, that a verdict for plaintiff was not against the evidence.

2. SAME—DAMAGES—INSTRUCTIONS.

Where, in an action for personal injuries, the court instructed that, if plaintiff was entitled to recover at all, she might, in addition to her physician's bill, recover damages in any amount from one penny to $2,000,— the latter sum being the court's jurisdictional limit,—and then charged that he would qualify his statement by saying, if any damage were

found, it might be between the two limits, the instructions were not erroneous, or liable to be construed by the jury as a charge on what the evidence warranted.

Appeal from city court of Yonkers.

Action by Kate Nash, by Mary A. Nash, her guardian ad litem, against the Yonkers Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

John F. Brennan, for appellant.
F. X. Donoghue, for respondent.

WOODWARD, J. The plaintiff demands damages for injuries sustained while alighting from one of the cars of the defendant. Her story, corroborated by one witness, is that on the 8th day of July, 1900, she was a passenger upon one of the cars of the defendant, running south on Warburton avenue, in the city of Yonkers. She entered the car at the north line of the city, intending to alight at the corner of Wells and Warburton avenues. Before arriving at this point, she asked the conductor to stop at Wells avenue, but for some reason the car did not stop, and, after passing the point, plaintiff stood up in the car, and signaled the conductor to stop the car. He rang the bell, the car came to a stop, the plaintiff stepped down upon the running board of the open car, and, while in the act of stepping to the street, the car started with a jerk, throwing her to the ground, resulting in the injuries complained of in this action. The theory of the defendant is, and it is supported in some measure by the motorman, the conductor, and three other witnesses, that the plaintiff was impatient to leave the car; that she stepped upon the running board, and from thence to the ground, while the car was yet in motion. There was a distinct conflict of evidence upon this point. While all of the witnesses for the defendant seem to have the same understanding of the case, some of them did not see all of the transactions, and it can hardly be said that the verdict in favor of the plaintiff is against the weight of evidence. There was evidence from which the jury might, with propriety, find that the plaintiff's version of the accident was true. It was not improbable, not more improbable than that the defendant's story was the correct one, and it was peculiarly a case in which the jury could be relied upon to weigh the evidence, and come to a conclusion which should do substantial justice.

It is urged that the court erred in its charge to the jury. The court had stated that the plaintiff, if entitled to recover at all, was entitled to recover the amount of her physician's bill, which was undisputed; and then added: "In addition to that, you can award such damages as you think will compensate the plaintiff for the pain and suffering she has endured, and it may be any amount from one penny, the minimum, up to two thousand dollars, the maximum." This last clause undoubtedly referred to the jurisdictional limitation of the court; and when counsel took exception "to that portion of your honor's charge where you say the jury might find

from one penny up to two thousand dollars, the maximum," the court replied: "I will qualify that by saying that, if the jury find any damage, it may be between those two limits." The verdict was for $500, which, in view of the evidence, is not an excessive amount, and it is difficult to discover wherein the defendant was prejudiced by the charge as finally delivered to the jury. It may be easily distinguished from the charge of the court in Gilbertson v. Railway Co., 14 App. Div. 294, 43 N. Y. Supp. 782, where the court charged the following request of plaintiff's counsel: "I ask your honor to charge the jury that, taking all the elements into consideration, the jury may award her compensation, fair, reasonable, and just, to any amount not exceeding thirty thousand dollars." "Such a charge," say the court, "was eminently calculated to mislead the jury, and to cause them to regard the evidence of the injuries sustained as of greater gravity than its actual purport required. The learned court did not charge that the plaintiff claimed $30,000, and that the jury were entitled to award such sum as the evidence justified not exceeding that amount, but did charge them that they might award $30,000; clearly intimating that such a verdict might be upheld upon the evidence in the case." In the case now before us the court charged, in effect, after the modification, that, if the jury find any damages, they may award such a sum as they think will compensate the plaintiff for the pain and suffering she has endured, and it may be any amount between one penny and $2,000; this sum being the limit fixed by law upon the jurisdiction of the court. Chapter 416, Laws 1893. This charge, taken in connection with what the court had said to the jury with reference to the evidence as to the damages, did not, in our opinion, give any erroneous impression to the jury, and the amount of the verdict clearly indicates that there was no unreasonable speculation as to the damages outside of the evidence. The judgment and order appealed from should be affirmed, with costs. All concur.